**Harlan E. Jones**, OSB # 85054
E-mail:  harlan.jones@jordanschrader.com
JORDAN SCHRADER PC
Attorneys at Law
PO Box 230669
Portland OR 97281-0669
Telephone:  (503) 598-7070
Facsimile:  (503) 598-7373
      Attorneys for Defendant Knecht's Northwest, Inc.


## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **LILLIE ENRIQUEZ, kna LILLIE JOHNSON**, | Case No. ͻͻ-6382-TC |
| Plaintiff, | DEFENDANT KNECHT'S NORTHWEST, INC.'S NOTICE OF REMOVAL OF ACTION: UNDER 28 U.S.C. §1441(b) (FEDERAL QUESTION) |
| v. | |
| **KNECHT'S NORTHWEST, INC., a domestic business corporation, individually and dba KNECHT'S AUTO PARTS, and doing business as KNECHT'S DISCOUNT AUTO PARTS, and KAPCO UNITED, INC., a domestic business corporation, individually and dba KNECHT'S AUTO PARTS, and dba KNECHT'S DISCOUNT AUTO PARTS,** | |
| Defendants. | |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant Knecht's Northwest, Inc. hereby removes to this Court the state court action described below.

1.      On October 27, 2005, an action was commenced in the Marion County Circuit Court, entitled *Lillie Enriquez, kna Lillie Johnson v. Knecht's Northwest, Inc., et al.*, as case number 05C-20240, a copy of the Complaint is attached hereto as Exhibit A.

/////

NOTICE OF REMOVAL OF ACTION:  UNDER
28 U.S.C. §1441(b) (FEDERAL QUESTION) - Page 1

2.      The first date upon which defendant Knecht's Northwest, Inc. received a copy of the said complaint was November 28, 2005, when defendant was served with a copy of the said complaint and a summons from the said state court.  A copy of the summons is attached hereto as Exhibit B.

3.      This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1331, and is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. §1441(b) in that it arises under 42 U.S.C. §2000(e), *et seq.*

4.      To the best of this counsel's knowledge, neither defendant Kapco United, Inc. nor any of its subsidiaries, have been served with Summons and Complaint in the Marion County Circuit Court case.

Dated this _____ day of December, 2005.

JORDAN SCHRADER PC

By: _____
HARLAN E. JONES
OSB # 85054
Telephone:  (503) 598-7070
Facsimile:  (503) 598-7373
harlan.jones@jordanschrader.com
**Attorney(s) for Defendant Knecht's
Northwest, Inc.**

CERTIFIED TO BE A TRUE COPY

OF ATTORNEYS FOR____PL___

OCT 27 2005

FILED

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MARION

| | |
|---|---|
| LILLIE ENRIQUEZ, kna LILLIE JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>KNECHT'S NORTHWEST, INC., a domestic business corporation, individually and dba KNECHT'S AUTO PARTS, and dba KNECHT'S DISCOUNT AUTO PARTS, and KAPCO UNITED, INC., a domestic business corporation, individually and dba KNECHT'S AUTO PARTS, and dba KNECHT'S DISCOUNT AUTO PARTS,<br><br>Defendants. | Case No. 05C 20240<br>Judge:<br><br>COMPLAINT (Violation of Title VII; Intentional Infliction of Emotional Distress; Wrongful Discharge)<br><br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br><br>JURY TRIAL DEMANDED |

Plaintiff alleges that at all material and relevant times herein:

## NATURE OF THE ACTION

1.     This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§2000e, *et seq.*, as amended by the Civil Rights Act of 1991, to secure Plaintiff's rights and the rights

of other employees to work in environments free from sexual harassment and discrimination, to

secure fair treatment and equal opportunity in the work place for Plaintiff and other similarly situated

employees, and to make Plaintiff whole. Defendants discriminated against Plaintiff by terminating

Plaintiff due to her reporting of sexual harassment. Defendants engaged in a pattern and practice of

creating and maintaining a hostile work environment and retaliating against Plaintiff for complaining

and resisting such environment. The Court has concurrent jurisdiction over this claim.

Page 1 - COMPLAINT - ENRIQUEZ JOHNSON

CALLAHAN & STEVENS
Attorneys at Law
P.O. Box 20937
Keizer, Oregon 97307-0937
(503) 390-4133 • FAX (503) 390-4369

EXHIBIT ___A___
PAGE ___1___ OF ___12___

2.      This is also an action for money damages under state law for wrongful discharge and intentional infliction of emotional distress.

## PARTIES

3.      Plaintiff, **Lillie Enriquez, nka Lillie Johnson** (hereinafter "Plaintiff), at all relative times, was and is a resident and citizen of Marion County, Oregon.

4.      At all relevant times, Defendants, **KNECHT'S NORTHWEST, INC.**, and **KAPCO UNITED, INC.** were and are domestic business corporations, organized pursuant to the laws of the State of Oregon, with their principal place of business located at 3400 Main Street, Springfield, Oregon, and were and are doing business as **Knecht's Auto Parts** and **Knecht's Discount Auto Parts**. (hereinafter collectively referred to as "Defendants).  Said Defendants operate stores selling auto parts and accessories in various cities, including the store located at 4101 River Road N. Keizer, Marion County, Oregon, which employs multiple persons at the River Road N. location.

## JURISDICTION AND VENUE

5.      This court has concurrent jurisdiction over the subject matter of this complaint. This action is brought under the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

6.      The jurisdiction of this Court is invoked to secure protection of and to redress deprivation of rights guaranteed by federal law, which rights provide for injunctive and other relief for unlawful discrimination in employment.

7.      This court has jurisdiction over Plaintiff's state law claims set forth in this complaint.  Both the federal and state claims alleged herein arose from a common nucleus of operative facts, the state actions are so related to the federal claims that they form part of the same case or controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

///

Page 2 - **COMPLAINT - ENRIQUEZ JOHNSON**

**CALLAHAN & STEVENS**
Attorneys at Law
P.O. Box 20937
Keizer, Oregon 97307-0937
(503) 390-4133 • FAX (503) 390-4369

EXHIBIT___A___
PAGE__2__OF__12__

8.    As set forth herein, Plaintiff was a citizen of Marion County, State of Oregon at material times.

9.    The employment practices alleged herein were committed in Marion County, Oregon.    Venue is proper in this Court.

## PROCEDURAL REQUIREMENTS

10.    On December 6, 2004, Plaintiff filed her sexual harassment charges with the Civil Rights Division of the Oregon Bureau of Labor & Industries (hereinafter "BOLI") for its investigation.    BOLI in turn forwarded Plaintiff's charges to the Equal Employment Opportunity Commission (hereinafter "EEOC"), pursuant to its work share agreement in accordance with 42 U.S.C. §2000e et seq.  On July 29, 2005, the EEOC issued its Notice of Suit Rights and this action is filed within 90 days of receipt of EEOC's notice.

## FACTUAL ALLEGATIONS

11.    Plaintiff is an adult female individual and a citizen of the United States who, at all times relevant herein, resided in Marion County, Oregon.

12.    At all relevant times herein, Defendants were located and doing business in Marion County, Oregon.  Defendants duly registered the name of Knecht's Auto Parts and Knecht's Discount Auto Parts.  Defendants are and, at all times relevant hereto, were domestic business corporations organized pursuant to the laws of the State of Oregon, with their principal place of business at 3400 Main Street, Springfield, Oregon 97478.  At all times relevant hereto, Defendants engaged in an industry affecting commerce and employed more than fifteen (15) regular employees in the business of selling shoes and shoe products.  Defendants operates stores in Marion County, Oregon, including that located at 4101 River Road N., Keizer, Oregon.  Each Defendant is an "employer" as that term is defined in 42 U.S.C. §2000e, et. seq.

13.    Plaintiff, who is a female, belongs to a class which is protected from discrimination under 42 U.S.C. §2000e et seq.

///

EXHIBIT ___A___
PAGE ___3___ OF ___12___

14.    In October, 2003, Plaintiff was hired by Defendants as a inventory management clerk and counter person for Defendants' auto parts store located at 4101 River Road N., Keizer, Marion County, Oregon. Plaintiff worked at the Keizer store until Plaintiff's termination, which was on May 15, 2004.

15.    At all relevant times herein, Richard "Chardo" Young was Store Manager of Defendants' Keizer, Oregon store and was Plaintiff's direct supervisor and was in a supervisory capacity over Plaintiff. Young was at all times acting within the scope of his actual, implied and apparent authority as Plaintiff's supervisor.

16.    Beginning in October, 2003, and continuing for the duration her employment, Plaintiff was subjected to unwanted and unwelcome comments and conduct of a sexual nature or sexual innuendo by Richard "Chardo" Young. The sexual comments and conduct were undesirable, unwanted, unwelcome and offensive to Plaintiff, were not provoked by any conduct on the part of Plaintiff, and were because of Plaintiff's sex, which is female. The comments and conduct of Richard "Chardo" Young were sexual in nature and include, but are not limited to, the following:

a.    Shortly after Plaintiff began working for Defendants, Young asked Plaintiff what size of uniform shirt to order for Plaintiff. Instead of taking Plaintiff's word for her size, Young put his hand up the back of Plaintiff's shirt towards Plaintiff's collar, touching Plaintiff's skin as he did so and pulling Plaintiff's shirt open in such a way so that Young could see down both the back and front of Plaintiff's shirt. Young looked down Plaintiff's shirt, read the tag and then walked off;

b.    Plaintiff confronted Young after the incident and told him that his behavior was inappropriate and offensive; Young laughed at Plaintiff and told her that she was being childish; Plaintiff also reported the incident to Wes Elliot, the District Manager, who said he would investigate the incident. Shortly thereafter, Richard

///

Page 4 - **COMPLAINT - ENRIQUEZ JOHNSON**

**CALLAHAN & STEVENS**
Attorneys at Law
P.O. Box 20937
Keizer, Oregon 97307-0937
(503) 390-4133 • FAX (503) 390-4369



EXHIBIT __A__
PAGE __4__ OF __12__

Young warned Plaintiff about going to the district manager and threatening consequences if further complaints were made regarding Mr. Young's conduct.

c.  Richard Young constantly stared at Plaintiff, looking her up and down as if mentally undressing her;

d.  Young constantly tried to hold Plaintiff's hand;

e.  Young continually came up behind Plaintiff as she stood at the computer, leaned against her and pressed his groin area against Plaintiff's buttocks;

f.  Young told sexual jokes in the workplace;

g.  Young continually tried to change the schedule so that he was working alone with Plaintiff.

h.  Young subjected another female employee to sexual comments and conduct, such as rubbing himself against her and looking down the front of her shirt - - comments overheard and conduct observed by other employees.  When Plaintiff confronted Young regarding the inappropriate behavior towards the other female employee, Young told Plaintiff to "Just grow up and deal with it."

17.  At all times material hereto, Plaintiff repeatedly and continually resisted and rejected and objected to Young's sexual comments and conduct.  Plaintiff told Young to stop, and Plaintiff complained to the store's Assistant Manager and to Wes Elliot, the District Manager. Young ridiculed Plaintiff for objecting to his behavior and told her not to take complaints to the District Manager or anyone outside the Keizer store or disciplinary action would result. Defendants failed to take prompt, appropriate or effective remedial measures to end the harassment of Plaintiff and/or to protect Plaintiff from further harassment.  Defendants had knowledge that Young had previously sexually harassed female employees.

18.  On May 15, 2004, Young terminated Plaintiff after Plaintiff again complained to Young about the hostile work environment.  Said termination was in retaliation for Plaintiff's complaints.

Page 5 - COMPLAINT - ENRIQUEZ JOHNSON

CALLAHAN & STEVENS
Attorneys at Law
P.O. Box 20937
Keizer, Oregon 97307-0937
(503) 390-4133 • FAX (503) 390-4369

EXHIBIT___A___
PAGE___5___OF 12

## FIRST CLAIM FOR RELIEF

### (Violation of Title VII, 42 U.S.C. §2000e, *et seq.*, Federal Civil Rights)

19.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 18 as though fully set forth herein.

20.    Defendants are engaged in an industry affecting commerce, and have employed 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

21.    The harassment of Plaintiff, as alleged above, affected the terms, conditions and privileges of Plaintiff's employment and the conduct and comments were sufficiently severe and pervasive that said conduct and comments altered the conditions of employment, interfered with Plaintiff's ability to perform her job, and created a hostile, intimidating, offensive and abusive working environment. As a result of the continuing harassment, Plaintiff suffered emotional distress, loss of enjoyment of life, mental anguish and mental pain and suffering.

22.    Defendants, through their agents, knew or should have known, and did know of the sexual harassment by Young, as alleged herein, and of Plaintiff's objection to said harassment. Defendants failed to take prompt, appropriate or effective remedial action to end the harassment or prevent future harassment in the workplace. As a result of Defendants' inaction and Defendants' inadequate and ineffective remedial and preventive actions, Plaintiff was subjected to further unwanted sexual harassment by Young.

23.    The harassment of Plaintiff, as alleged above, and the failure of Defendants to take prompt, appropriate and remedial action to end the harassment, as alleged above, affected the terms, conditions and privileges of Plaintiff's employment and were sufficiently severe and pervasive that said conduct and omissions created a hostile, intimidating offensive and abusive working environment. As a result of the continuing harassment, Plaintiff suffered emotional distress and mental anguish.

///

Page 6 - **COMPLAINT - ENRIQUEZ JOHNSON**

**CALLAHAN & STEVENS**
Attorneys at Law
P.O. Box 20937
Keizer, Oregon 97307-0937
(503) 390-4133 • FAX (503) 390-4369


EXHIBIT ___A___
PAGE __6_ OF _12_

24.     All acts, omissions and conduct of Young, the Store Manager, and Elliot, District Manager, were within the course and scope of their positions and duties with Defendants and/or were performed in connection with the exercise of supervisory authority. The comments and conduct of Young, the Store Manager, and Elliot, District Manager, constituted an extraordinary transgression of the bounds of socially tolerable conduct.

25.     Defendants engaged in the sexual harassment and discriminatory practices and terminated Plaintiff with malice or with reckless indifference to Plaintiff's federally protected rights and with serious disregard for the consequences of their actions.

26.     Defendants' conduct in harassing, discriminating against and in discharging Plaintiff violates Title VII of the Civil Rights Act of 1964, as amended.  Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this action for damages is her only means of securing adequate relief.  Plaintiff is suffering and will continue to suffer irreparable injury as a result of the acts of Defendants.

27.     Defendants' conduct in discriminating against and in discharging Plaintiff violates Title VII of the Civil Rights Act of 1964, as amended.  Defendants knew or should have known of Young's unlawful conduct as Plaintiff's supervisor and a store manager of Defendants. Plaintiff told Young that his conduct was unwanted and inappropriate, but Young did not cease his comments or conduct.  Plaintiff advised other managers of said harassment.  Defendants failed to develop and/or implement a policy for investigating and preventing sexual harassment. Plaintiff is suffering and will continue to suffer irreparable injury as a result of the acts of Defendants.  Defendants are therefore liable for the offensive and hostile work environment created and any injuries resulting therefrom.

28.     The conduct alleged above has directly and proximately caused severe mental and emotional distress and physical pain, as well as shame, humiliation, embarrassment, loss of self

///

///

Page 7 - **COMPLAINT - ENRIQUEZ JOHNSON**

**CALLAHAN & STEVENS**
Attorneys at Law
P.O. Box 20937
Keizer, Oregon 97307-0937
(503) 390-4133 • FAX (503) 390-4355

A
PAGE 7 OF 12

esteem, interference with normal and usual activities, inconvenience and loss of enjoyment of life, entitling Plaintiff to compensatory damages in the maximum allowable under Title VII, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981A, which is $300,000.

29.     As the sole, direct and proximate result of the conduct by Defendants alleged herein, and the retaliatory, wrongful discharge, Plaintiff has incurred economic losses in the form of lost wages to date in the amount of $16,758.  Said wage loss is continuing and will continue into the future, entitling Plaintiff to front pay in an amount to be determined at trial.

30.     Defendants' conduct as described herein was willful, malicious and oppressive, and done with a conscious disregard of or with a reckless indifference to Plaintiff's rights and with the knowledge of an employer's economic power over the employees.  Plaintiff should be awarded punitive damages in the maximum amount allowed under Title VII and 42 U.S.C. § 1981.

31.     Plaintiff has been required to hire an attorney to prosecute this action and has incurred attorney fees and costs and will be required to retain expert witnesses, entitling her to an award of her reasonable costs, including attorney fees and expert witness fees incurred herein, pursuant to 42 U.S.C. § 2000e, *et seq.*

## SECOND CLAIM FOR RELIEF

### (Wrongful Discharge)

32.     Plaintiff realleges paragraphs 1 through 31 as if fully set forth herein.

33.     Plaintiff was employed by Defendants and was satisfactorily performing all job duties.  Plaintiff was discharged on May 15, 2004.

34.     Plaintiff pursued an important employee-related right by resisting sexual harassment and discrimination on the job, and by opposing sexual harassment and discrimination on the job, which rights are of importance to the public interest as indicated by federal and state statutes and case law.

///

Page 8 - **COMPLAINT - ENRIQUEZ JOHNSON**

**CALLAHAN & STEVENS**
Attorneys at Law
P.O. Box 20937
Keizer, Oregon 97307-0937
(503) 390-4133 • FAX (503) 390-4369

EXHIBIT A
PAGE 8 OF 12

35.    Defendants maintained intolerable and oppressive work conditions and a hostile work environment, and Plaintiff exercised her right to protest and resist sexual harassment and discrimination on the job.

36.    Defendants failed to take prompt or effective remedial measures to end the harassment of Plaintiff and to protect her from further harassment by Richard Young, the Store Manager, Plaintiff's supervisor and agent of Defendants.  Defendants deliberately and intentionally maintained the intolerable, oppressive and hostile work conditions.  Defendants' stated reasons for Plaintiff's discharge were pre-textual and were in retaliation for Plaintiff's reporting of, objecting to and resisting sexual harassment.

37.    The rights of Plaintiff, as set forth in paragraph 34, above, are not fully and adequately protected by other existing remedies.

38.    The conduct alleged above has directly and proximately caused Plaintiff severe mental and emotional distress, as well as shame, humiliation, embarrassment, loss of self-esteem, interference with normal and usual activities, and loss of enjoyment of life, all to her non-economic damage in the amount of $750,000.

39.    As the sole, direct and proximate result of the conduct by Defendants alleged herein, Plaintiff has incurred economic losses in the form of lost wages to date in the amount of $16,758.  Said wage loss is continuing, entitling Plaintiff to an award of front pay in an amount to be determined at trial.

40.    Defendants' conduct was willful, wanton and in reckless disregard of Plaintiff's rights and Defendants' obligations.  Plaintiff intends to seek an order of this Court allowing amendment of this Complaint to allege punitive damages.

### THIRD CLAIM FOR RELIEF

### (Intentional Infliction of Emotional Distress)

41.    Plaintiff realleges paragraphs 1 through 40, set forth above, as if fully set forth herein.

Page 9 - COMPLAINT - ENRIQUEZ JOHNSON

CALLAHAN & STEVENS
Attorneys at Law
P.O. Box 20937
Keizer, Oregon 97307-0937
(503) 390-4133 • FAX (503) 390-4369

EXHIBIT A
PAGE 9 OF 12

42.     Plaintiff and Defendants were in the "special relationship" of employer and employee.

43.     While employed at Defendants' automotive parts/accessories store and from approximately October, 2003, until Plaintiff's discharge on May 15, 2004, Plaintiff was subjected by Defendants to conduct and comments inflicting severe mental and emotional distress, which conduct and comments included in part, but were not limited to, that outlined above in paragraph 16.

44.     Defendants' actions and omissions, enumerated above, constituted an extraordinary transgression from the bounds of socially tolerable conduct and exceed the limits of what is tolerated in regular social or business interactions.

45.     Defendants intended that their conduct caused the effects alleged above, or at least acted with a deliberate disregard of a high degree of probability that such acts would cause mental and emotional distress.

46.     All acts and omissions of Defendants and their agents were within or perceived to be within the course and scope of employment and within the actual, implied and apparent authority of said agents, and were motivated in whole or in part by a purpose to serve Defendants, and/or were performed in connection with the exercise of supervisory authority. The comments and conduct of Defendants constituted an extraordinary transgression of the bounds of socially tolerable conduct.

47.     The conduct alleged above has directly and proximately caused Plaintiff severe mental and emotional distress, as well as shame, humiliation, embarrassment, loss of self-esteem, interference with normal and usual activities, and loss of enjoyment of life, all to her non-economic damage in the amount of $750,000.

48.     As the sole, direct and proximate result of the conduct by Defendants alleged herein, Plaintiff has incurred economic losses in the form of lost wages to date in the amount of

///

Page 10 - **COMPLAINT - ENRIQUEZ JOHNSON**

**CALLAHAN & STEVENS**
Attorneys at Law
P.O. Box 20937
Keizer, Oregon 97307-0937
(503) 390-4133 • FAX (503) 390-4359

EXHIBIT __A__
PAGE __10__ OF __12__

$16,758. Said wage loss is continuing, entitling Plaintiff to an award of front pay in an amount to be determined at trial.

49.    Defendants' conduct was willful, wanton and in reckless disregard of Plaintiff's rights and Defendants' obligations. Plaintiff intends to seek an order of this Court allowing amendment of this Complaint to allege punitive damages.

50.    Plaintiff demands a jury trial for all issues so triable.

**WHEREFORE,** Plaintiff prays for judgment against Defendants as follows:

On her **FIRST CLAIM FOR RELIEF (Title VII):**

a.    Compensatory damages in the amount of $300,000, plus interest;

b.    Economic damages in the form of lost wages in the amount of $16,758;

c.    Economic damages in the form of front pay in an amount to be determined at trial; and

d.    Plaintiff's reasonable attorney fees, prejudgment interest, expert witness fees and costs incurred herein, pursuant to 42 U.S.C. §42000e, *et seq.*

On her **SECOND CLAIM FOR RELIEF (Wrongful Discharge):**

a.    Non-economic damages for mental and emotional distress in the amount of $750,000;

b.    Economic damages in the amount of $16,758, representing lost wages, plus interest thereon, and front pay in an amount to be determined at trial; and

c.    Plaintiff's costs and disbursements incurred herein.

///
///
///

Page 11 - COMPLAINT - ENRIQUEZ JOHNSON

CALLAHAN & STEVENS
Attorneys at Law
P.O. Box 20937
Keizer, Oregon 97307-0937
(503) 390-4133 • FAX (503) 390-4369

EXHIBIT A
PAGE 11 OF 12

On her **THIRD CLAIM FOR RELIEF (Intentional Infliction of Emotional Distress):**

a.    Non-economic damages for mental and emotional distress in the amount of
      $750,000;

b.    Economic damages in the amount of $16,758, plus front pay in an amount to be
      determined at trial; and

c.    Plaintiff's costs and disbursements herein.


DATED this _____26th_____ day of October, 2005.


                          CALLAHAN & STEVENS



                          _____
                          Sharon Stevens, OSB #78088
                          Of Attorneys for Plaintiff


                          Trial Attorneys: Sharon Stevens, OSB #78088
                                           Jerry Kleen, OSB #63044


Page 12 - **COMPLAINT - ENRIQUEZ JOHNSON**

EXHIBIT _____A_____
PAGE __12__ OF __12__

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MARION

| | | |
|---|---|---|
| LILLIE ENRIQUEZ, kna LILLIE JOHNSON, | ) | Case No. 05c-20240 |
| Plaintiff, | ) | Judge: Lipscomb |
| | ) | |
| and | ) | SUMMONS |
| | ) | |
| KNECHT'S NORTHWEST, INC., a domestic business corporation, individually and dba KNECHT'S AUTO PARTS, and dba KNECHT'S DISCOUNT AUTO PARTS, and KAPCO UNITED, INC., a domestic business corporation, individually and dba KNECHT'S AUTO PARTS, and dba KNECHT'S DISCOUNT AUTO PARTS, | ) | |
| Defendants. | ) | |

TO:    **Knecht's Northwest, Inc., individually and dba Knecht's Auto Parts, and dba Knecht's Discount Auto Parts by and through its registered agent:**

        Jeffry A. Hanson
        3400 Main Street
        Springfield, OR 97477

        You are hereby required to appear and defend the Complaint filed against you in the above entitled cause, within 30 days from the date of service of this Summons upon you, and in case of your failure to do so, for want thereof, Plaintiff will apply to the court for the relief demanded in the Complaint.

**NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY**

You must "appear" in this case or the other side will win automatically. To "appear", you must file with the court a legal paper called a "Motion" or "answer". The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the Plaintiff's attorney or, if the Plaintiff does not have an attorney, proof of service upon the Plaintiff. If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

*Sharon Stevens*

Signature of Attorney for Plaintiff
Sharon Stevens, OSB #78088
CALLAHAN AND STEVENS
P.O. Box 20937, Keizer, OR 97307-0937   (503) 390-4133

Page 1 - SUMMONS

EXHIBIT __B__
PAGE __1__ OF __3__

STATE OF OREGON, County of Marion    )ss.

I, the undersigned attorney of record for the Plaintiff, certify that the foregoing is an exact and complete copy of the original Summons in the above entitled action.

_Attorney of Record for Plaintiff_

TO THE OFFICER OR OTHER PERSON SERVICE THIS SUMMONS: You are hereby directed to serve a true copy of this Summons, together with a true copy of the Complaint mentioned therein, upon the Defendant or to whom or which this Summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

_Attorney for Plaintiff_

## PROOF OF SERVICE

STATE OF OREGON           )
                          )ss.
County of _____           )

I hereby certify that I made service of the foregoing Summons and Complaint upon the within named Defendant(s), by delivering or leaving a true copy of said Summons and the Complaint mentioned therein, certified to be such by the attorney for the Plaintiff, as follows:

### Personal Service Upon Individual(s)

By delivering such true copy to the Defendant personally, and in person, at _____
_____
on _____, 20___, at _____ o'clock ____ m.

### Substituted Service Upon Individual(s)

By delivering such true copy at Defendant's dwelling house or usual place of abode, to wit:
_____
to _____, who is a person over the age of 14 years and a member of the household of the Defendant on _____, 20___, at _____ o'clock ____ m.

### Office Service Upon Individual(s)

By leaving such true copy at the office which the Defendant maintains for the conduct of business at _____
_____, with _____,
the person who is apparently in charge, on _____, 20___, at _____ o'clock ____ m.

### Service on Corporations, Limited Partnerships, or Unincorporated Associations
### Subject to Suit Under a Common Name

Upon _____ , by
               (Name of corporation, limited partnership, etc.)

(a)   delivering such true copy, personally and in person, to _____ , who is a/the
                              _____ thereof, OR

(b)   leaving such true copy with _____ , the person who is apparently in charge
of the office of _____ , who is a/the _____ thereof;
at _____ , on _____ , 20 ___ , at _____ o'clock __ m.

I further certify that I am a competent person 18 years of age or older and a resident of the state of service or the State of Oregon, and that I am not a party to nor an officer, director or employee of, nor attorney for any party, corporate or otherwise; that the person, firm or corporation served by me is the identical person, firm or corporation named in the action.

DATED _____ , 20 _____ .


_____
Signature

_____
Type or Print Name

_____
Address

_____
Phone

EXHIBIT _β_
PAGE _3_ OF _3_

## CERTIFICATE OF SERVICE

I hereby certify that on the date shown below, I served a true and correct copy of the

foregoing **NOTICE OF REMOVAL OF ACTION:  UNDER 28 U.S.C. §1441(b)**

**(FEDERAL QUESTION)** on:

> Sharon Stevens
> Callahan & Stevens
> PO Box 20937
> Keizer OR 97307-0937
> Facsimile:  (503) 390-4369

> Attorneys for Plaintiff

[X]     by first class mail, postage prepaid.

[ ]     by hand delivery.

[ ]     by facsimile transmission.

[ ]     by facsimile transmission and first class mail, postage prepaid.

[ ]     _____.

DATED:  December __, 2005.

_____
Harlan E. Jones, OSB # 85054
Attorneys for Defendant Knecht's Northwest, Inc.

CERTIFICATE OF SERVICE                                    47977-35193 53355.doc LJM 12 15 2005